**Carlos ROSALES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71999.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 24, 2006.

Enrique Ramirez, Esq., Law Office of Enrique Ramirez, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Andrew C. MacLachlan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, John F. Schmillen, Esq., Office of the U.S. Trustee, Cedar Rapids, IA, for Respondent.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Carlos Rosales, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny in part, and grant and remand in part, the petition for review.

Substantial evidence does not support the IJ's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution. The IJ found petitioner credible, but denied his asylum claim on the merits. However, because soldiers threatened to kill petitioner, and a death threat alone can constitute persecution, petitioner establishes eligibility for asylum. *See Navas v. INS,* 217 F.3d 646, 658 (9th Cir.2000); *see also Baballah v. Ashcroft,* 367 F.3d 1067, 1074 (9th Cir.2004). This showing of past persecution entitles petitioner to a presumption of a well-founded fear of future persecution, unless the evidence shows a fundamental change in circumstance so that the petitioner no longer has a well-founded fear. *See Baballah,* 367 F.3d at 1078. Because the IJ pointed to no evidence which rebutted the presumption, we conclude that petitioner is statutorily eligible for asylum. *See id.* at 1078–79. Petitioner is also entitled to withholding of removal because he suffered past persecution, and the presumption of such persecution was not rebutted. *See id.* at 1079. We grant the petition as to petitioner's asylum and withholding claims and remand this case to the BIA for the Attorney General to exercise his discretion under 8 U.S.C. § 1158(b) as to whether to grant asylum, and for an appropriate order withholding removal of petitioner. *See id.*

Substantial evidence supports the IJ's conclusion that petitioner failed to show that it was more likely than not that he will be tortured if returned to El Salvador. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). We deny the petition as to the CAT claim.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION DENIED in part; GRANTED and REMANDED in part.**